United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | CRIMINAL NUMBER H-18-339-04 |
| v. | § | (CIVIL ACTION NO. H-24-1141) |
| | § | |
| FRASIEL HUGHEY, | § | |
| | § | |
| Defendant-Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Frasiel Hughey ("Petitioner") pleaded guilty to distribution of a controlled substance and was sentenced to 240 months in custody.[1] Following the dismissal of his direct appeal, Petitioner has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 524). Petitioner argues that his trial and appellate attorneys were constitutionally ineffective.[2] Petitioner requests "an out-of-time appeal and/or a new punishment hearing[.]"[3] The Government responded, arguing that Petitioner's § 2255 Motion is untimely and, in the alternative, that Petitioner

---

[1]Judgment in a Criminal Case, Docket Entry No. 431, pp. 1, 3. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Petitioner's § 2255 Motion, Docket Entry No. 524, pp. 4-5.

[3]Id. at 12.

has not shown that his trial counsel was constitutionally ineffective.[4]  Because Petitioner filed his § 2255 Motion more than one year after his conviction became final and because any errors by Petitioner's trial counsel did not result in prejudice, Petitioner's § 2255 Motion will be denied.

## I.  Background

Petitioner was indicted along with multiple codefendants on June 19, 2018, on one count of conspiracy to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and two counts of unlawfully distributing and dispensing controlled substances in violation of 21 U.S.C. § 841.[5]

On January 18, 2022, Petitioner filed a motion to suppress items seized from the search of his home.[6]  On January 20, 2022, with a scheduled trial date for Petitioner and a codefendant approaching, the court conducted a pretrial conference.[7]  Defense counsel for Petitioner, David Finn, emailed the court stating that

---

[4]United States' Response in Opposition to Defendant Frasiel Hughey's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Government's Response"), Docket Entry No. 529, p. 1.

[5]Indictment, Docket Entry No. 1, pp. 1, 5, 9-10.

[6]Motion to Suppress All Items Seized from 5211 Council Grove Lane, Houston, Texas 77088 and Memorandum of Law in Support Thereof & Request to Hold Franks/Evidentiary Hearing on His Motion ("Petitioner's Suppression Motion"), Docket Entry No. 207, p. 1.

[7]Transcript of Proceedings-Pretrial Conference, Docket Entry No. 220.

he would not make it to the conference, citing a fever.[8] Finn did not respond to the court's attempts to arrange for him to join via Zoom.[9] The court deferred addressing Petitioner's Suppression Motion.[10] On January 26, 2022, the court entered a written order denying Petitioner's Suppression Motion.[11]

On February 10, 2022, the court conducted a pretrial conference.[12] Petitioner appeared, but Finn did not.[13] The Government stated its plea offer to Petitioner for the record:

> The plea was to Count 1, the conspiracy to distribute a controlled substance. The relevant conduct included the drugs that were purchased by co-Defendant Lisa Jones from CC Pharmacy on behalf of [Petitioner] which corresponded with a converted drug weight of slightly more than 35,000 kilograms and a base offense level of 36. We would dismiss the remaining counts. There are two other substantive counts charged for [Petitioner] in the [I]ndictment. He would agree to a 2-point enhancement for manager or supervisor, and he would receive a 3-point reduction for acceptance of responsibility.[14]

The court ordered Finn to appear on February 11, 2022, to show cause why he should not he held in contempt.[15] Finn failed to

---

[8]Id. at 3 lines 21-25, p. 4 lines 1-2.

[9]Id. at 4 lines 3-5.

[10]Id. lines 5-6.

[11]Order, Docket Entry No. 223, p. 3.

[12]Hearing, Docket Entry No. 254.

[13]Id.

[14]Transcript of Proceedings–Pretrial Conference, Docket Entry No. 258, p. 23 lines 21-25, p. 24 lines 1-6.

[15]Hearing, Docket Entry No. 254.

appear, and the court pushed the scheduled jury trial back two weeks.[16]

On February 28, 2022, the court held a hearing regarding "Mr. Finn's inability to appear in court for health reasons[.]"[17] The court severed the case against Petitioner and ordered Finn to inform the court – once he received a diagnosis for his health – when he would be medically able to attend a rearraignment hearing for his client.[18]

On March 18, 2022, Petitioner appeared with Finn for rearraignment and declared his intent to plead guilty to the Indictment without a plea agreement.[19] Petitioner stated that he had spoken about the case with Finn about eight times over the course of the case and three or four times in the week leading up to the rearraignment.[20] Petitioner confirmed that he discussed with Finn the charges against him, what the Government would have to prove, what evidence the Government had, and how the Federal Advisory Sentencing Guidelines might apply.[21] Petitioner confirmed that Finn had answered all of his questions, that Finn did

---

[16]Hearing, Docket Entry No. 259.

[17]Hearing, Docket Entry No. 277.

[18]Id.

[19]Re-Arraignment, Docket Entry No. 500, p. 3 lines 13-20.

[20]Id. at 8 lines 6-14.

[21]Id. lines 15-25, p. 9 line 1.

-4-

everything that Petitioner asked him to do, and that Petitioner was fully satisfied with Finn's advice and counsel.[22]   The parties disclosed to the court that despite the absence of a plea agreement, the Government had agreed to limit the relevant conduct to transactions between Petitioner and Lisa Jones or Rita Miller.[23] Petitioner confirmed that he understood that there was no binding agreement to that effect.[24]   Petitioner pleaded guilty to Counts One, Two, and Three, and the court accepted Petitioner's plea.[25]

In advance of sentencing Petitioner filed letters from close friends and family expounding on his character, which the court read and considered.[26] At his sentencing, Petitioner confirmed that he had read the Presentence Investigation Report, that he had discussed it with Finn, and that he had no objections.[27]   The Government objected to the additional one-level downward adjustment for acceptance of responsibility complaining about the untimeliness of the guilty plea.[28]   The court denied the Government's objection, stating that "[a]ny delay in pleading guilty was due to the

_____

[22]Id. at 9 lines 2-10.

[23]Id. at 19 lines 7-18.

[24]Id. lines 19-25, p. 20 lines 1-3.

[25]Judgment in a Criminal Case, Docket Entry No. 431, p. 1.

[26]See generally Sentencing Letters, Docket Entry No. 389.

[27]Sentencing Hearing–Transcript of Proceedings, Docket Entry No. 488, p. 2 lines 10-19.

[28]Id. at 3 lines 1-4.

difficulty in scheduling Mr. Finn's appearance."[29]  Based on a Total Offense Level of 38 and Criminal History Category II, Petitioner's guidelines range was 262 to 327 months in custody.[30]  The Government recommended a downward variance to 240 months on each count to run concurrently.[31]   Finn argued for a lower sentence based on the letters of support, the age of Petitioner's criminal history, the relative sentences of codefendants, and Petitioner's age.[32]   The court granted the Government's motion for a downward variance and sentenced Petitioner to 240 months on Counts 1, 2, and 3 to run concurrently.[33]

Petitioner retained new counsel for his appeal, Nancy B. Barohn.[34]   On January 9, 2023, the Fifth Circuit dismissed Petitioner's appeal for want of prosecution, stating that Petitioner had failed to timely file his brief and record excerpts.[35]

---

[29]Id. lines 5-7.

[30]Statement of Reasons, Docket Entry No. 432, p. 1.

[31]Sentencing Hearing, Docket Entry No. 488, p. 4 lines 20-25, p. 5 lines 1-7.

[32]Id. at 6 lines 14-25, p. 7 lines 1-12, 20-25, p. 8 lines 1-3.

[33]Judgment in a Criminal Case, Docket Entry No. 431, p. 3.

[34]Petitioner's § 2255 Motion, Docket Entry No. 524, p. 10 ¶ 15(d).

[35]Judgment, Docket Entry No. 517, p. 1.

On March 28, 2024, Petitioner filed his § 2255 Motion.[36] Petitioner argues that Finn — suffering from alcohol abuse — was ineffective in failing to file a sentencing memorandum, failing to present mitigating evidence regarding Petitioner's difficult upbringing, failing to obtain a plea agreement, and failing to contest the number of pills claimed in the PSR.[37] Petitioner argues that Barohn was ineffective in failing to timely file an appellant's brief.[38]

The Government responded, arguing that Petitioner's § 2255 Motion is untimely and that Petitioner has failed to establish that Finn provided ineffective assistance.[39]

## II.  Legal Standards

### A.  Title 28 U.S.C. § 2255

28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  "A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude."  United States v. Willis, 273 F.3d

---

[36]Petitioner's § 2255 Motion, Docket Entry No. 524.

[37]Id. at 4.

[38]Id. at 5.

[39]Government's Response, Docket Entry No. 529, pp. 8-10.

-7-

592, 595 (5th Cir. 2001). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." <u>United States v. Frady,</u> 102 S. Ct. 1584, 1593 (1982).

A court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true." <u>United States v. Anderson,</u> 832 F. App'x 284, 287 (5th Cir. 2020).

"A 1-year period of limitation shall apply to a [§ 2255 motion]. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

## B. Ineffective Assistance of Counsel

"[A] claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of

-8-

constitutional magnitude and, as a general rule, cannot be raised on direct appeal." United States v. Conley, 349 F.3d 837, 839 n.1 (5th Cir. 2003) (internal quotation marks omitted). To prevail on an ineffective assistance of counsel claim, a convicted defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).

Performance is deficient if the defendant's lawyer "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065.

To show prejudice a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. For a federal sentencing error, the defendant must show a reasonable probability that he would have received a lesser sentence but for counsel's error, but "'any amount of jail time'" is sufficient. United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004) (citing Glover v. United States, 121 S. Ct. 696, 700 (2001)).

## III. **Analysis**

### A. **Timeliness of Petitioner's § 2255 Motion**

The Government argues that Petitioner's § 2255 Motion is untimely because it was filed more than one year after his judgment

-9-

of conviction became final.   The § 2255 motion form prompts petitioners:   "18. TIMELINESS OF MOTION:   If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion."[40]   Petitioner's § 2255 Motion merely responds "N/A" to this question.[41]  Nor has Petitioner filed a reply to address the Government's timeliness argument.

The facts supporting Petitioner's claims were readily discoverable on or before the dismissal of his appeal.  Petitioner witnessed first hand Finn's strategies and alleged errors in the course of his representation.   Barohn's failure to file an appellant's brief was easily discoverable as soon as the Fifth Circuit dismissed his appeal on January 9, 2023, i.e. the same day his conviction became final.  That is therefore the date on which the one-year statute of limitations started running.  Petitioner filed his § 2255 Motion more than 14 months later on March 28, 2024.[42]  Petitioner's § 2255 Motion is therefore untimely.

## B.   Ineffective Assistance of Counsel

### 1.   Mr. Finn

With respect to Finn's representation, the Government argues that Petitioner cannot satisfy the <u>Strickland</u> ineffective

---

[40]Petitioner's § 2255 Motion, Docket Entry No. 524, p. 11 ¶ 18.

[41]<u>Id.</u>

[42]Judgment, Docket Entry No. 517, p. 1; Petitioner's § 2255 Motion, Docket Entry No. 524.

assistance standard.   The court need not decide whether Finn's errors amount to constitutionally deficient performance because any alleged errors did not cause Petitioner prejudice.  Although there was a stretch of time when Finn missed hearings, the court delayed and ultimately severed Petitioner's case to ensure he could make an informed and counseled decision whether to go to trial or to plead guilty.   Petitioner confirmed that by his rearraignment, he had discussed the charges, evidence, and sentencing guidelines with Finn and that he was fully satisfied with Finn's counsel.  To avoid penalizing Petitioner for delays attributable to Finn, the court rejected the Government's argument that Petitioner was not entitled to a full three-point reduction for timely acceptance of responsibility.

Although Finn did not file a sentencing memorandum, the court carefully considered the letters of support and Finn's oral sentencing arguments.  Taking as true all of the information that Petitioner now presents about his upbringing, the court remains confident that the appropriate sentence was 240 months on each count, run concurrently.

Petitioner's complaint about the lack of a plea offer is contradicted by the record, both because the Government made a plea offer and because Petitioner received the benefits of that offer despite not accepting it.  Petitioner provides no evidence that Finn had a basis on which to contest the PSR's calculation of the number of pills.   Petitioner has failed to show a "reasonable

probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S. Ct. at 2068.  Petitioner's § 2255 Motion will therefore be denied.

    2.   Ms. Barohn

The Government acknowledges that "normally a failure to file an appeal is ineffective assistance of counsel," and the Government does not argue that Barohn's failure was an exception.[43]  But as the Government notes, Barohn's appellate failure does not excuse Petitioner from the one-year statute of limitations for filing a § 2255 motion.  United States v. Rodriguez, 858 F.3d 960, 964 (5th Cir. 2017) ("The facts supporting Rodriguez's claim—that Montemayor was ineffective for failing to file Rodriguez's appeal—could have been discovered through the exercise of due diligence anytime during the proceeding months. Rodriguez did not need over a year to uncover that Montemayor had not appealed.").  Petitioner's § 2255 Motion will therefore be denied.

## C.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless

---

[43]Government's Response, Docket Entry No. 529, p. 10.

the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court concludes that reasonable jurists could not resolve Petitioner's § 2255 Motion in a different manner, so a certificate of appealability will be denied.

## IV.   Conclusion and Order

Because Petitioner's § 2255 Motion was filed more than one year after his judgment of conviction became final, it is untimely. Moreover, as to Petitioner's trial counsel Mr. Finn, any errors did not result in prejudice.  Although the failure of appellate counsel to file an appellant's brief is ineffective assistance, this does

-13-

not excuse Petitioner from the one-year statute of limitations to file a § 2255 motion.   The record conclusively shows that Petitioner is not entitled to any relief, so the court need not grant an evidentiary hearing.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 524) is therefore **DENIED**. Because reasonable jurists could not find any of Petitioner's asserted claims meritorious, a certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 8th day of August, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE