United States District Court
Southern District of Texas

**ENTERED**

April 08, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | CRIMINAL NUMBER H-18-339-04 |
| v. | § | (CIVIL ACTION NO. H-24-1141) |
| | § | |
| FRASIEL HUGHEY, | § | |
| | § | |
| Defendant-Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Frasiel Hughey ("Petitioner") pleaded guilty to distribution of a controlled substance and was sentenced to 240 months in custody.[1] Following the dismissal of his direct appeal, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 524). The court issued a Memorandum Opinion and Order (Docket Entry No. 531) denying Petitioner's § 2255 Motion and entered a Final Judgment (Docket Entry No. 532). Pending before the court is Defendant's Rule 59 Motion for Reconsideration ("Petitioner's Motion for Reconsideration") (Docket Entry No. 534). Because Petitioner's § 2255 Motion was timely and because Petitioner received ineffective assistance of counsel on appeal, Petitioner's Motion

---

[1]Judgment in a Criminal Case, Docket Entry No. 431, pp. 1, 3. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system. The United States of America is hereinafter referred to as "the Government."

for Reconsideration will be granted, the Memorandum Opinion and Order and Final Judgment will be vacated, Petitioner's judgment of conviction will be re-entered as of the date of this Memorandum Opinion and Order, and Petitioner will be granted an out-of-time appeal. Because Fifth Circuit precedent precludes the court from adjudicating Petitioner's remaining § 2255 claim until after the out-of-time appeal, Petitioner's § 2255 Motion will be dismissed without prejudice.

## I. Background

Petitioner was indicted along with five codefendants on June 19, 2018, on one count of conspiracy to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and two counts of unlawfully distributing and dispensing controlled substances in violation of 21 U.S.C. § 841.[2] Petitioner retained David Finn as trial counsel.[3]

Petitioner filed a motion to suppress items seized from the search of his home.[4] The court entered a written order denying Petitioner's Suppression Motion.[5]

─────────────────────

[2]Indictment, Docket Entry No. 1, pp. 5, 9-10. The court only recites the background relevant to Petitioner's ineffective assistance of appellate counsel claim.

[3]Notice for Entry of Appearance as Counsel, Docket Entry No. 17.

[4]Motion to Suppress All Items Seized from 5211 Council Grove Lane, Houston, Texas 77088 and Memorandum of Law in Support Thereof & Request to Hold Franks/Evidentiary Hearing on His Motion ("Petitioner's Suppression Motion"), Docket Entry No. 207, p. 1.

[5]Order, Docket Entry No. 223, p. 3.

Petitioner pleaded guilty to Counts One, Two, and Three, and the court accepted Petitioner's plea.[6] The court sentenced Petitioner to 240 months on each count, to run concurrently.[7]

Petitioner retained new counsel for his appeal, Nancy B. Barohn.[8] On January 9, 2023, the Fifth Circuit dismissed Petitioner's appeal for want of prosecution, stating that Petitioner had failed to timely file his brief and record excerpts.[9]

On March 28, 2024, Petitioner filed his § 2255 Motion.[10] Petitioner argued that Finn and Barohn were ineffective.[11] Petitioner argued that Barohn was ineffective in failing to timely file an appellant's brief and record excerpts.[12]

On May 13, 2024, the Government responded, arguing that Petitioner's § 2255 Motion is untimely and that Petitioner has failed to establish that Finn provided ineffective assistance.[13]

---

[6]Judgment in a Criminal Case, Docket Entry No. 431, p. 1.

[7]Id. at 3.

[8]Petitioner's § 2255 Motion, Docket Entry No. 524, p. 10 ¶ 15(e).

[9]Judgment, Docket Entry No. 517, p. 1.

[10]Petitioner's § 2255 Motion, Docket Entry No. 524.

[11]Id. at 4.

[12]Id. at 5.

[13]United States' Response in Opposition to Defendant Frasiel Hughey's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Government's Response"), Docket Entry No. 529, pp. 8-10.

The Government's Response was filed under seal.[14]  Petitioner did not timely file a reply.  On August 8, 2024, the court denied Petitioner's § 2255 Motion, concluding that Petitioner's § 2255 Motion was untimely and that Petitioner had failed to establish ineffective assistance of trial counsel.[15]  With respect to Petitioner's appellate counsel, the court stated that "[a]lthough the failure . . . to file an appellant's brief is ineffective assistance, this does not excuse Petitioner from the one-year statute of limitations to file a § 2255 motion."[16]

On August 24, 2024, Petitioner filed his Motion for Reconsideration.[17]  Petitioner stated that he had not received the Government's Response because it was filed under seal and that he was not aware of it until he received the court's opinion.[18]  Petitioner therefore asked for leave to file a response to the Government's Response.[19]  Petitioner also argued that the court mistakenly measured the one-year § 2255 deadline from the dismissal of Petitioner's appeal instead of from the end of the period for

---

[14]Id. at 1.

[15]Memorandum Opinion and Order, Docket Entry No. 531, pp. 13-14.

[16]Id.

[17]Petitioner's Motion for Reconsideration, Docket Entry No. 534.

[18]Id. at 2.

[19]Id. at 8.

seeking certiorari.[20]  The Government agreed both that Petitioner's § 2255 Motion was timely and that Petitioner should be allowed to file a response.[21]  On September 30, 2024, the court entered an Order permitting Petitioner to file a response to the Government's Response by October 30, 2024, and giving the Government until November 20, 2024, to file any reply.[22]

On October 25, 2024, Petitioner filed a response to the Government's Response.[23]  Petitioner argues that his § 2255 Motion was timely and that both his trial and appellate counsel were ineffective.[24]  Petitioner restates his argument that the § 2255 deadline is measured from the expiration of the 90-day certiorari period following dismissal of his appeal.[25]  Petitioner argues that his appellate counsel was ineffective for failing to file an appellate brief and record excerpts.[26]

The Government replied.  The Government agrees that Petitioner received ineffective assistance on appeal and that Petitioner's

---

[20]Id. at 4-5.

[21]United States' Response to Defendant Frasiel Hughey's Motion for Reconsideration, Docket Entry No. 536, pp. 1-2.

[22]Order, Docket Entry No. 537, pp. 1-2.

[23]Response to United States' Response in Opposition to Petitioner/Defendant's Motion to Vacate, Set Aside, or Correct a Judgment or Sentence ("Petitioner's Response"), Docket Entry No. 538.

[24]Id. at 6, 8, 19.

[25]Id. at 5.

[26]Id. at 21-22.

judgment of conviction should be reinstated to grant him an out-of-time appeal.[27]   But the Government argues that Petitioner's ineffective assistance of trial counsel claim should be denied with prejudice.[28]

## II.   **Legal Standards**

### A.   **Title 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."

"A 1-year period of limitation shall apply to a [§ 2255] motion.  The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final[.]"  28 U.S.C. § 2255(f).  "In <u>Clay v. United States,</u> [123 S. Ct. 1072, 1079 (2003)], the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for

---

[27]United States' Reply to Defendant Frasiel Hughey's Response to United States' Response in Opposition Motion to Vacate, Set Aside or Correct a Judgment or Sentence ("Government's Reply"), Docket Entry No. 539, p. 1.

[28]<u>Id.</u>

certiorari." <u>United States v. Plascencia</u>, 537 F.3d 385, 389 (5th Cir. 2008).

**B.    Ineffective Assistance of Counsel**

"[A] claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal." <u>United States v. Conley</u>, 349 F.3d 837, 839 n.1 (5th Cir. 2003) (internal quotation marks omitted).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must ordinarily show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. <u>Strickland v. Washington</u>, 104 S. Ct. 2052, 2064 (1984). But this "general rule . . . is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel." <u>Harris v. Day</u>, 226 F.3d 361, 364 (5th Cir. 2000).  "In such a case, the petitioner need not demonstrate the typical <u>Strickland</u>-type prejudice, because prejudice is presumed." <u>Id.</u>  If appellate counsel fails to file any appellate brief, the defendant is constructively denied any assistance of counsel. <u>See United States v. Gaytan-Ortiz</u>, 308 F. App'x 798, 799 (5th Cir. 2009) (per curiam).  "[W]hen a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal," the defendant may raise

-7-

the issue in a § 2255 motion, and the remedy is an out-of-time appeal. <u>United States v. West,</u> 240 F.3d 456, 459 (5th Cir. 2001). "[P]art of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice . . ." <u>Id.</u> at 460. To enable the out-of-time appeal, the court "re-enters" the judgment of conviction. <u>Id.</u> at 461.[29] This "will restart the time for appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)." <u>United States v. Cooley,</u> 549 F. App'x 307, 308 (5th Cir. 2013) (per curiam).

## C.    Motions for Reconsideration

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "The Federal Rules do not recognize a 'motion for reconsideration' in [those words] . . . however, [] a motion so denominated" may be treated as "a motion 'to alter or amend' under Rule 59(e)." <u>Lavespere v. Niagara Machine & Tool Works, Inc.,</u> 910 F.2d 167, 173 (5th Cir. 1990). "[R]econsideration is 'an extraordinary remedy that should be used sparingly,' with relief being warranted only when the basis for

---

[29]The court in <u>West</u> used the words "reinstated" and "re-entered" interchangeably. <u>Id.</u> ("As discussed, an out-of-time direct criminal appeal, if granted pursuant to a § 2255 motion, starts the time for appeal to run anew as of the date the underlying criminal judgment is reinstated/re-entered."). Fed. R. Crim. Proc. 32(k)(1) uses the language of "enter[ing]" the judgment.

relief is 'clearly establish[ed].'"  <u>Dempster v. Lamorak Insurance</u>

<u>Co.</u>, 457 F. Supp. 3d 547, 554 (E.D. La. 2020).

## III.  <u>Analysis</u>

### A.  **Timeliness of Petitioner's § 2255 Motion**

The parties now agree that Petitioner's § 2255 Motion was

timely.  Petitioner's appeal was dismissed on January 9, 2023.[30]

That began a 90-day period to appeal to the Supreme Court, which

the parties agree expired on April 9, 2023.[31]  Under <u>Clay</u> that is

the date on which Petitioner's judgment of conviction became final.

123 S. Ct. at 1075.  Petitioner therefore had until April 9, 2024,

to file a § 2255 motion.  Petitioner's § 2255 Motion, filed on

March 28, 2024, was therefore timely.  The court's prior Memorandum

Opinion and Order mistakenly concluded that Petitioner's judgment

of conviction became final when his direct appeal was dismissed.

### B.  **Ineffective Assistance of Appellate Counsel**

The parties also agree that Petitioner received ineffective

assistance of counsel on appeal.  Petitioner's appellate counsel

did not file an appellant's brief, and the Fifth Circuit dismissed

---

[30]Judgment, Docket Entry No. 517, p. 1.

[31]Rules of the Supreme Court, Rule 13(1) ("[A] petition for a
writ of certiorari to review a judgment in any case . . . entered
by . . . a United States court of appeals . . . . is timely when it
is filed . . . within 90 days after entry of the judgment.").

-9-

Petitioner's appeal as a result.[32]   The failure to file any
appellate brief through neglect is deficient performance, and it is
an instance in which prejudice is presumed.  See Gaytan-Ortiz, 308
F. App'x at 799.  Petitioner has proven ineffective assistance of
appellate counsel.  Petitioner's § 2255 Motion will therefore be
dismissed without prejudice, and the court will re-enter "the
judgment of conviction, which will restart the time for appeal
under Federal Rule of Appellate Procedure 4(b)(1)(A)."  Cooley, 549
F. App'x at 308.

## C.  Petitioner's Ineffective Assistance of Trial Counsel Claim

The Government asks the court to adjudicate Petitioner's
ineffective assistance of trial counsel claim.  When a petitioner
establishes ineffective assistance of appellate counsel, "part of
the procedure for granting an out-of-time direct criminal appeal is
dismissing the § 2255 motion without prejudice, or . . . dismissing
those parts of the motion for which the out-of-time appeal is
granted."  West, 240 F.3d at 460.[33]  This statement by the Fifth

---

[32]Judgment, Docket Entry No. 517, p. 1.  This was not an
instance in which appellate counsel, after a conscientious
evaluation of the case, concluded that she was obligated to refuse
to prosecute the appeal based on perceived frivolity.  See McCoy v.
Court of Appeals of Wisconsin, District 1, 108 S. Ct. 1895, 1901
(1988).   Appellate counsel simply missed filing deadlines.
Judgment, Docket Entry No. 517, p. 1.

[33]See also United States v. Orozco-Ramirez, 211 F.3d 862, 871
n.15 (5th Cir. 2000) (suggesting in dicta that, where the appellate
failure is the failure to prosecute the entire appeal, the court
(continued...)

Circuit in <u>West</u> appears to contemplate that courts may sometimes adjudicate remaining § 2255 claims when granting an out-of-time appeal, but only when the court limits the out-of-time appeal to specific issues.  For example, because the appellate failure in <u>West</u> was not the wholesale failure to appeal but instead the failure to raise certain issues, the district court granted an out-of-time appeal limited to those issues and simultaneously adjudicated a separate § 2255 claim.  <u>See</u> <u>id.</u> at 457 (summarizing ruling below).[34]

Because Petitioner's counsel's failure was the wholesale failure to prosecute any issues on appeal, the remedy is an unrestricted out-of-time appeal — not an appeal limited to certain issues.  Therefore, under <u>West</u> the required procedure is to dismiss without prejudice Petitioner's entire § 2255 Motion.[35]

### IV.  <u>Conclusion and Order</u>

Petitioner's § 2255 Motion is timely.  Petitioner has established ineffective assistance of appellate counsel, and the

---

[33](...continued)
cannot deny the remaining § 2255 claims until after the out-of-time appeal).

[34]Because the issue was waived, the Fifth Circuit in <u>West</u> did not address whether it was permissible for the district court to limit the scope of the out-of-time appeal and to adjudicate the remaining § 2255 claim.  <u>Id.</u> at 462.

[35]The Fifth Circuit in <u>Orozco-Ramirez</u>, 211 F.3d at 871 n.15, stated that the court can instead hold the remaining claims in abeyance during the out-of-time appeal.

-11-

proper remedy is an unrestricted out-of-time appeal. Moreover, Fifth Circuit precedents preclude the court from adjudicating Petitioner's remaining claim until after his out-of-time appeal. Defendant's Rule 59 Motion for Reconsideration (Docket Entry No. 534) is **GRANTED**. The court's Memorandum Opinion and Order (Docket Entry No. 531) and Final Judgment (Docket Entry No. 532) are **VACATED**. The clerk is **ORDERED** to **RE-ENTER** Petitioner's Judgment in a Criminal Case (Docket Entry No. 431) as of the date of this Memorandum Opinion and Order. Petitioner's request for an out-of-time appeal is **GRANTED**. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner must file his notice of appeal within 14 days from the date the Judgment is re-entered. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 524) is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** at Houston, Texas, on this the 8th day of April, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE